[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12533-F

_____

IN RE: ULYSSES CANNON,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: TJOFLAT, HULL and JULIE CARNES, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Ulysses Cannon has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

## I.    BACKGROUND

As a brief factual background, Cannon and several codefendants were charged with multiple drug, firearm, carjacking, and Hobbs Act robbery offenses stemming from a series of three armed home invasions in Miami-Dade County in the summer of 1997. Cannon and his codefendants targeted the homes of known drug dealers because they were likely to contain large quantities of drugs and cash. During the robberies, the defendants, while armed, forced their way into the homes, tied up and pistol-whipped the occupants, ransacked the homes, and took cash, jewelry, vehicles, and drugs, including marijuana or cocaine. Cannon participated in the first and third of the three home invasions and robberies. Cannon and his co-defendants' robberies and drug crimes are intertwined as they were robbing other drug dealers' stash houses in order to steal the drugs and then distribute the drugs stolen. In one home invasion and robbery, two cars were also stolen, which resulted in carjacking charges, too.

By superseding indictment, Cannon was charged with three overlapping conspiracies, all occurring between June 20, 1997 and September 23, 1997: (1) conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count 1); (2) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 2); and (3) conspiracy to use a firearm during and in relation to, and possess a firearm in furtherance of, a crime of violence

2

and a drug-trafficking crime, namely the crimes "as set forth in Counts 1, 2, 4, 5, 7, 8, 10, 11, 12, and 13," in violation of 18 U.S.C. § 924(c) & (o) (Count 3).

In addition, in connection with the <u>first</u> home invasion on June 20, 1997, Cannon was charged with: (1) attempting to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (Count 4); (2) Hobbs Act robbery of O.G. and R.G., in violation of § 1951(a) (Count 5); and (3) using a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence and a drug-trafficking crime, namely the crimes set forth in Counts 4 and 5, in violation of § 924(c) (Count 6).

In connection with the <u>last</u> home invasion on September 23, 1997, Cannon was charged with: (1) possession with intent to distribute marijuana, in violation of § 841(a)(1) (Count 10), (2) Hobbs Act robbery of J.G. and V.F., in violation of § 1951(a) (Count 11); (3) two counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts 12 and 13); and (4) using a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence and a drug-trafficking crime, namely the crimes set forth in Counts 10, 11, 12, and 13, in violation of § 924(c) (Count 14). Cannon was also charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 15).[1]

After a trial, the jury returned a general verdict finding Cannon guilty as charged on all counts. Notwithstanding the verdict, the district court granted Cannon's Rule 29 motion for judgment of acquittal as to Counts 5 and 11, the two Hobbs Act robberies on June 20, 1997 and September 23, 1997, because the government had not shown that the theft of the items from these

---

[1]As to the second home invasion and robbery, Cannon was not charged in Counts 7, 8, and 9, which were the § 841(a)(1) drug, Hobbs Act robbery, and § 924(c) firearm offenses related to that second home invasion committed by some of his codefendants on August 1, 1997.

3

individual residences satisfied the minimal impact on commerce threshold.   The district court then sentenced Cannon to a total term of 660 months' imprisonment, consisting of concurrent sentences of 360 months as to Counts 1 and 4, 240 months as to Counts 2 and 3, 60 months as to Count 10, and 180 months as to Counts 12, 13, and 15, followed by consecutive sentences of 60 months as to Count 6 and 240 months as to Count 14.

In his direct appeal, Cannon raised two alleged trial errors relating to the admission of evidence of prior crimes.   Cannon did not raise any issue as to his § 924(c) and (o) convictions on Counts 3, 6, and 14, the validity or sufficiency of the indictment as to those § 924(c) and (o) counts, or the jury's general verdict.   This Court affirmed Cannon's convictions and sentences, and the Supreme Court denied his petition for writ of *certiorari*.   *United States v. Cannon*, 76 F. App'x 283 (table) (11th Cir.) (unpublished), *cert. denied*, 540 U.S. 998, 124 S. Ct. 503 (2003).

In 2004, Cannon filed his original § 2255 motion, raising four ineffective assistance of counsel claims.   Cannon did not raise any issue as to his § 924(c) and (o) convictions on Counts 3, 6, and 14, the validity or sufficiency of the indictment as to those § 924(c) and (o) counts, or the jury's general verdict.   The district court denied Cannon's § 2255 motion on the merits, and the district court and this Court denied Cannon a certificate of appealability.   Cannon did not file a petition for writ of *certiorari*.

Cannon then filed four prior applications to file successive § 2255 motions.   In 2016, Cannon filed his first and second successive applications, seeking to challenge his enhanced concurrent sentence on Count 15 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).   This Court denied these applications as Cannon had at least three qualifying prior drug and violent felony convictions without regard to the residual clause.   *In re Cannon*, No. 16-11436 (11th Cir. Apr. 14,

4

2016); *In re Cannon*, No. 16-13777 (11th Cir. July 20, 2016).   In July 2017, Cannon filed his third successive application, seeking to: (1) raise the same *Johnson* claim challenging his ACCA enhanced concurrent sentence on Count 15; (2) challenge for the first time his § 924(c) & (o) firearm convictions in Counts 3, 6, and 14 because some of his predicate crimes for the firearm convictions—conspiracy to commit Hobbs Act robbery and Hobbs Act robbery—were not crimes of violence; and (3) challenge his indictment charging multiple predicate crimes in a single § 924(c) count.   This Court denied this application on the grounds that *Johnson* did not invalidate the residual clause in § 924(c)(3)(B), and the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013), does not apply retroactively, citing *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014).   *In re Cannon*, No. 17-13178 (11th Cir. July 31, 2017).

Then, in July 2018, Cannon filed his fourth successive application, seeking to challenge his § 924(c) & (o) firearm convictions because he was charged in a duplicitous indictment, and some of his predicate crimes for the firearm convictions—conspiracy to commit Hobbs Act robbery and Hobbs Act robbery—no longer qualified as crimes of violence, in light of *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018), which we also denied.   *In re Cannon*, No. 18-13133 (11th Cir. Dec. 4, 2018).   In the most recent prior order, this Court explained, *inter alia*, that, in light of our precedent, *Dimaya* did not invalidate the residual clause in § 924(c)(3)(B) and that Cannon's other challenges to the § 924(c) and (o) counts (Counts 3, 6, and 14) in his indictment are not based on a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.

5

## II.    CURRENT APPLICATION

### A.    *United States v. Davis*

In his current application, Cannon challenges his § 924(c) and (o) firearm convictions in Counts 3, 6, and 14 of the indictment on the basis that one of the underlying predicates— conspiracy to commit Hobbs Act robbery—no longer qualifies as a crime of violence under the residual clause of § 924(c)(3)(B), in light of *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), which held that § 924(c)(3)(B) is unconstitutionally vague.   *See Davis*, 588 U.S. at __, 139 S. Ct. at 2336.   Cannon indicates that his claim is based on new rules of constitutional law in *Davis* and *Dimaya*.[2]   He further asserts that his indictment "charged multiple predicate offenses in a single § 924(c) and § 924(o) count," and that "the predicate offense or underlying crime of violence used was not specified and easily could be for conspiracy to commit Hobbs Act robbery."

Cannon's proposed *Davis* claim meets the statutory criteria of § 2255(h)(2) because *Davis* announced a new rule of constitutional law and is retroactively applicable to cases on collateral review.   *See In re Hammoud*, ___ F.3d ____ , No. 19-12458, 2019 WL 3296800, at *3-4 (11th Cir. July 23, 2019).   Further, Cannon's proposed *Davis* claim is not barred under *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2016) (concluding that a repeat § 2255 claim that was raised and rejected in a prior successive application is barred by § 2244(b)(1)).   *See id.* at *4.   As this Court explained in *In re Hammoud*, "[a]lthough the rationale underlying *Johnson* and *Dimaya*" on which Cannon's prior successive applications were based "is the same rationale that underlies *Davis*," on which Cannon's current application is based, *In re Baptiste* does not bar Cannon's

---

[2]Cannon's reliance on *Dimaya* to support his § 924(c) challenge is misplaced, as *Dimaya* involved 18 U.S.C. § 16(b), not § 924(c).   Thus, Cannon's current claim is best interpreted as a *Davis* claim.   This is favorable to Cannon as the time period has now expired on his *Dimaya* claim.

6

current *Davis*-based application because "*Davis* announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*." *See id.* Thus, Cannon's current application seeks to assert a new *Davis* claim, not a *Johnson* or *Dimaya* claim, and is not barred by *In re Baptiste*. *See id.*[3]

Even though Cannon cites *Davis*, we still must determine whether Cannon's current successive application has made a prima facie showing as to his purported *Davis* claim. We recognize that Cannon argues that (1) his firearm § 924(c) and § 924(o) counts in Counts 3, 6, and 14 alleged multiple predicates, (2) although his drug trafficking and substantive Hobbs Act robbery predicates qualify, the latter under § 924(c)(3)(A)'s elements clause, the predicate crime of violence used was not specified and could have been for conspiracy to commit Hobbs Act robbery; and (3) conspiracy to commit Hobbs Act robbery no longer qualifies under § 924(c)(3)(B)'s residual clause.

While Cannon has not cited this case, we are mindful of our "prima facie showing" decision in *In re Gomez*, 830 F.3d 1225, 1226-28 (11th Cir. 2016). *In re Gomez* involved this background:

---

[3]To the extent Cannon seeks to bring a claim, independent of *Davis*, that his indictment is duplicitous because of multiple predicates in one count, Cannon has already unsuccessfully sought to bring such a defective indictment claim in two of his prior successive applications. In denying those prior successive applications, this Court explained that such a claim is not based on a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *See In re Cannon*, No. 17-13178 (11th Cir. July 31, 2017); *In re Cannon*, No. 18-13133 (11th Cir. Dec. 4, 2018); *see also Jeanty*, 757 F.3d at 1285 (concluding the Supreme Court's decision in *Alleyne* does not apply retroactively on collateral review); 28 U.S.C. § 2255(h)(2). Therefore, any independent duplicitous indictment claim arguably is barred by *In re Baptiste*. *See In re Baptiste*, 828 F.3d at 1339-40.

Alternatively, even if Cannon's independent defective indictment claim is not barred by *In re Baptiste*, it must be denied because this Court has held that *Alleyne* is not retroactively applicable on collateral review, *Jeanty*, 757 F.3d at 1285, and Cannon's independent defective indictment claim does not involve a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and thus does not satisfy the criteria of § 2255(h)(2).

7

(1) the § 924(c) count referenced four predicate offenses (conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, and two drug-trafficking crimes), and there was a general jury verdict on that count; (2) our precedents had not yet indicated whether a conspiracy to commit Hobbs Act robbery or an attempted Hobbs Act robbery qualified under the elements clause; and (3) for several reasons, it was unclear which crime or crimes served as the predicate offense for Gomez's conviction under § 924(c).  830 F.3d at 1227-28.  Our Court concluded that Gomez had made a prima facie showing his conviction may implicate § 924(c)(3)(B)'s residual clause and *Johnson*.  *Id.*[4]  In keeping with this prima facie, threshold determination, the Court in *In re Gomez* also said, "It is the job of the district court to decide every aspect of Gomez's motion 'fresh, or in the legal vernacular, *de novo*.'"  *Id.* at 1228 (quoting in part *Jordan*, 485 F.3d at 1358); *see also In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016).

After *In re Gomez* in 2016, this Court in 2018 held that attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause without resort to the residual clause.  *See United States v. St. Hubert*, 909 F.3d 335, 351-52 (11th Cir. 2018). Nonetheless, *In re Gomez* helps illustrate what constitutes a prima facie showing that a § 924(c) firearm conviction may implicate § 924(c)(3)(B)'s residual clause and *Davis*.  We now turn to Cannon's three firearm convictions.

B.      **Counts 6 and 14**

As to Cannon's two § 924(c) firearm convictions in Counts 6 and 14, Cannon has failed to make a prima facie showing that he is entitled to relief under *Davis*.  This is so because the Hobbs

---

[4]Because *In re Gomez* held only that the petitioner's application had made a prima facie showing of a potential *Johnson*-constitutional claim, we also recognize that threshold determination was not a final merits determination.

8

Act robbery conspiracy in Count 2 was <u>not</u> a predicate offense in Counts 6 and 14.   Instead, the only predicates charged in Counts 6 and 14 were attempt to possess, and possession of, cocaine or marijuana with intent to distribute, substantive Hobbs Act robbery, and carjacking, all of which are qualifying predicates without resort to § 924(c)(3)(B)'s now-void residual clause.   *See In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (concluding that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause);[5] *In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016) (concluding that carjacking in violation of 18 U.S.C. § 2119 qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause);[6] *United States v. Rivera*, 889 F.2d 1029, 1030-31 (11th Cir. 1989) (concluding that possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) qualifies as a drug trafficking crime under 18 U.S.C. § 924(c)(2)).

## C.    Count 3

As to Cannon's § 924(o) firearm conspiracy conviction, Count 3 referenced multiple, distinct predicate offenses, including two carjackings, four drug crimes, and one conspiracy to

---

[5]Other circuits have likewise held that substantive Hobbs Act robbery qualifies as a crime of violence under the elements clause in § 924(c)(3)(A).   *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *Diaz v. United States*, 863 F.3d 781, 783-84 (8th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir.), *cert. denied*, 137 S. Ct. 2230 (2017); *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017).

[6]Other circuits similarly have held that carjacking qualifies under § 924(c)(3)(A)'s elements clause.   *See United States v. Jackson*, 918 F.3d 467, 484-86 (6th Cir. 2019) (holding federal carjacking under § 2119 categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause); *United States v. Cruz-Rivera*, 904 F.3d 63, 65-66 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1391 (2019); *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1602 (2018); *United States v. Jones*, 854 F.3d 737, 740-41 & n.2 (5th Cir.), *cert. denied*, 138 S. Ct. 242 (2017); *United States v. Evans*, 848 F.3d 242, 246-48 (4th Cir.), *cert. denied*, 137 S. Ct. 2253 (2017).

commit Hobbs Act robberies of drug stash houses. The jury returned a general jury verdict. The drug crimes and carjacking qualify without resort to § 924(c)(3)(B)'s residual clause. However, this Court has not decided whether conspiracy to commit Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. As noted above, Cannon's predicate crimes seem inextricably intertwined. In other words, it is difficult to see how a jury would have concluded that Cannon was guilty of using a firearm during and in furtherance of the underlying Hobbs Act predicates without at the same time also concluding that he did so during and in furtherance of the underlying drug and carjacking predicates. Nevertheless, based on the limited record before us, it is somewhat unclear which crime or crimes served as the predicate offense for Cannon's § 924(o) conviction in Count 3. We therefore conclude that Cannon has made a prima facie showing that his claim satisfies the statutory criteria of § 2255(h)(2) on the basis that his § 924(o) conviction in Count 3 may—not that it does—implicate § 924(c)(3)(B)'s residual clause and *Davis*. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2).

We also point out that, regardless of whether Cannon's conspiracy to commit Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, Cannon's other charged predicates—possession of drugs with intent to distribute and carjacking—do not raise residual-clause issues and remain valid § 924(c) predicates after *Davis*. Even if the district court concludes that a conspiracy to commit Hobbs Act robbery constitutes a predicate crime under § 924(c) only under the statute's now invalid residual clause, Cannon, as the movant, still bears the burden of proving the likelihood that the jury based its verdict of guilty in Count 3 solely on the Hobbs Act conspiracy, and not also on one of the other valid predicate offenses identified in the count (four drug crimes and two carjackings). *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (resting, on a long line of case authority, its conclusion that a

10

*Johnson* § 2255 movant "bears the burden to prove the claims in his § 2255 motion"); *In re Moore*, 830 F.3d at 1272 (11th Cir. 2016) (collecting cases concluding that in the district court "a movant has the burden of showing that he is entitled to relief in a § 2255 motion—not just a *prima facie* showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim").

Finally, the substance of Cannon's § 924(o) firearm conspiracy conviction is that he and his co-conspirators agreed to, and did, possess a firearm in furtherance of an agreement to rob drug dealers' stash houses and to distribute any narcotics stolen during those robberies. As noted, in even the limited record before us, there is some indication that the jury's § 924(o) verdict did not rest solely on the conspiracy to commit the Hobbs Act robberies predicate because (1) the robberies were inextricably intertwined with the charged conspiracy to possess with intent to distribute cocaine and marijuana, and (2) the jury found the narcotics conspiracy proven beyond a reasonable doubt. Where a § 924(o) verdict firmly rests on a clearly qualifying drug-trafficking predicate, there may not be a concern about a possible defect in a related crime of violence predicate. *See United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (jury trial) (affirming § 924(c) convictions based on a narcotics trafficking predicate, where the co-conspirator discharged a firearm in furtherance of an agreement to rob drug dealers and to distribute any recovered narcotics and narcotics proceeds, because there was no possibility that the jury's § 924(c) verdict rested only on the robbery predicate given that the agreement to rob was inextricably intertwined with and in furtherance of the narcotics conspiracy to distribute any recovered narcotics and narcotics proceeds and the jury found the narcotics conspiracy proved beyond a reasonable doubt); *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (guilty plea) (noting that the petitioner admitted to the drug-trafficking predicate that made him eligible for a § 924(c) conviction when he stated the

11

factual basis for his plea, regardless of how his conviction for conspiracy to commit Hobbs Act robbery is classified and that the court does not address).   This is only to say that these may be some of the issues the district court will need to address in the first instance.

### III.   CONCLUSION

In conclusion, "we note that when this Court authorizes a federal prisoner to file a successive § 2255 motion in the district court, that authorization is a threshold determination and narrowly circumscribed."   *Solomon v. United States*, 911 F.3d 1356, 1360 (11th Cir.), *abrogated on other grounds by Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019).   "The successive motion does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding."   *Id.*   "Rather, the claims raised in the successive § 2255 motion must still meet the requirements of § 2255(h)." *Id.* (citing *Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018)).   It is also important to note that our threshold determination that an applicant has made a prima facie showing that he has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that issue.   *See In re Moore*, 830 F.3d at 1271; *Jordan*, 485 F.3d at 1357-58.   Once the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those requirements are met." *Jordan*, 485 F.3d at 1357.

"When we issue an order authorizing a habeas petitioner to file a second or successive § 2255 motion, 'the district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.'"   *Randolph*, 904 F.3d at 965 (quoting *In re Moore*, 830 F.3d at 1271) (citing *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013), and *Jordan*, 485 F.3d at 1357).   "Our 'first hard look' at whether the § 2255(h) requirements actually have been met then comes, if at all, on appeal from

the district court's decision." *Solomon*, 911 F.3d at 1361 (quoting *In re Moore*, 830 F.3d at 1271); *see also In re Moss*, 703 F.3d at 1303.

Finally, should the district court conclude that Cannon "has established the statutory requirements for filing a second or successive motion, it shall proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise," such as waiver, procedural default, or the concurrent sentence doctrine. *In re Moss*, 703 F.3d at 1303. At this preliminary stage, we offer no opinion as to whether these, or any other defense, might bar or defeat Cannon's *Davis* claim. We leave those issues for the district court to resolve in the first instance. "Any determination that the district court makes about whether [Cannon] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed." *Id*. "Should an appeal be filed from the district court's determination, nothing in this order shall bind the merits panel in that appeal." *Id.*

Accordingly, Cannon's application for leave to file a second or successive motion is hereby GRANTED as to his § 924(o) conviction in Count 3 and DENIED as to his § 924(c) convictions in Counts 6 and 14.