[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12104
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00237-PGB-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BAKARI MCCANT,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 10, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Bakari McCant appeals his conviction for brandishing a firearm during a

crime of violence—an attempted Hobbs Act robbery.  He argues that his

conviction for attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)'s "elements clause."  Because our court's binding precedent expressly forecloses McCant's argument, we affirm.

We review *de novo* whether a particular offense is a "crime of violence" under 18 U.S.C. § 924(c).  *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019).[1]  Under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  We do not review arguments raised for the first time in a reply brief. *United States v. Benz*, 740 F.2d 903, 916 (11th Cir. 1984).

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime.  18 U.S.C. § 924(c)(1).  For the purposes of section 924(c), "crime of violence" means an offense that is a felony and:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[1] When referring to *St. Hubert*, we refer to our panel decision in that case reported at 909 F.3d 335. We recognize, of course, that the part of our opinion that applied *Ovalles II* was abrogated by the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), insofar as it overruled *Ovalles II*.  However, the part of *St. Hubert* on which we rely here—namely, that an attempted Hobbs Act robbery qualifies as a crime of violence under the elements clause of section 924(c)— remains good law.  *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) (citing *St. Hubert* as holding that attempted Hobbs Act robbery qualifies as a crime of violence under section 924(c)(3)(A)).

2

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3).  The statute's two sections are known as the "elements clause," § 924(c)(3)(A), and the "residual clause," § 924(c)(3)(B).  *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).  The Supreme Court in *Davis* held that section 924(c)(3)(B)'s residual clause is unconstitutionally vague.  *Id.* at 2324–25, 2336.  Nevertheless, in 2018, we held in *St. Hubert*, 909 F.3d at 351, that attempted Hobbs Act robbery otherwise qualifies as a crime of violence under the elements clause of section 924(c), an issue which *Davis* did not address.  Therefore, *St. Hubert* remains good law.  *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) (citing *St. Hubert* as holding that attempted Hobbs Act robbery qualifies as a crime of violence under section 924(c)(3)(A)); *see also In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019) (holding that a *Davis* challenge is futile when the crime for which the defendant was convicted satisfies the section 924(c)(3)(A) elements clause).

McCant raises several arguments in support of his conclusion that his conviction for attempted Hobbs Act robbery does not qualify as a crime of violence under section 924(c)(3)(A)'s elements clause.  His core argument, however, is that our decision in *St. Hubert* no longer constitutes good law.  He argues that *St. Hubert*'s conclusion that attempted Hobbs Act robbery constitutes a

3

crime of violence has been abrogated because it is inconsistent with the Supreme Court's decision in *James v. United States*, 550 U.S. 192 (2007), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), *as recognized in United States v. Morales-Alonso*, 878 F.3d 1311, 1320 (11th Cir. 2018).  As a backup argument, he contends that, insofar as our prior-panel precedent rule compels adherence to *St. Hubert*, it should be overruled.  We address each in turn.

First, McCant advances the argument that we are *not* bound by our decision in *St. Hubert*, because it is contradicted by the Supreme Court's decision in *James*, or because a Seventh Circuit case relied on by the *St. Hubert* panel has since been abrogated.  McCant is incorrect.

In *James v. United States*, the Supreme Court held that Florida's attempted burglary statute qualified as a "violent felony" under the Armed Career Criminal Act's ("ACCA") residual clause.  550 U.S. at 195 (holding that the ACCA's residual clause was unconstitutionally vague).  McCant's specific argument is that, in *James*, the Supreme Court considered attempted burglary as its own independent offense under state law, and noted that attempts under other statutes did not constitute "violent felonies" under the residual clause because those attempts "could be satisfied by preparatory conduct that does not pose the same risk of

violent confrontation and physical harm posed by an attempt to enter a structure illegally." *Id.* at 204–05.

We think that McCant's argument misreads the Supreme Court's opinion in *James* and that *James* is readily distinguishable from the case at hand. In *James*, the Supreme Court looked at the Florida Supreme Court's definition of what *every* attempted burglary in Florida requires. *See James*, 550 U.S. at 202–03 (citing and quoting *Jones v. State*, 608 So.2d 797, 799 (1992) for the proposition that attempted burglary in Florida requires an "overt act directed toward entering or remaining in a structure"). The Court concluded that Florida's "[a]ttempted burglary poses the same kind of risk" of "a face-to-face confrontation between the burglar and a third party" because "[i]nterrupting an intruder at the doorstep while the would-be burglar is attempting a break-in creates a risk of violent confrontation comparable to that posed by finding him inside the structure itself." *Id.* at 203–04. Because *James* looked to Florida law to determine the category of elements of Florida's attempted burglary, and because the Florida definition is somewhat different than the federal definition of attempted Hobbs Act burglary in *St. Hubert*, what *James* says about the Florida law of attempted burglary does not undermine at all what *St. Hubert* says about the federal definition of attempted Hobbs Act robbery.

5

*James* is also distinguishable in that it involved section 924(e)(2)(B)(ii)'s *residual* clause, whereas *St. Hubert* involved section 924(c)(3)(A). The latter specifically defines a "crime of violence" as including the *attempted* use of physical force, whereas the former does not. In other words, the Court in *James* was addressing whether Florida's attempted burglary was a violent felony under section 924(e)(2)(B)(ii)'s residual "serious potential risk of physical injury" phrase, which—unlike section 924(c)(3)(A) in *St. Hubert*—had no explicit inclusion of "attempted . . . use . . . of physical force."[2] Accordingly, our opinion in *St. Hubert* is entirely consistent with the Supreme Court's opinion in *James*.[3]

McCant also argues that *St. Hubert* has been undermined or abrogated because one of the cases it relies on, *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017), has itself been abrogated. He argues that the Seventh Circuit's subsequent

---

[2] We also note that *James* was not presented with an issue like the one addressed in *St. Hubert*. The issue in *James*, as stated by the Court, was "whether attempted burglary, as defined by Florida law, falls within ACCA's residual provision for crimes that 'otherwise involv[e] conduct that presents a serious potential risk of physical injury to another." 550 U.S. at 197 (quoting § 924(e)(2)(B)(ii)). In *James*, "[t]he parties agree[d] that [Florida's] attempted burglary does not qualify as a 'violent felony' under [the elements clause in section 924)(e)(2)(B)(i)] because it does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* (quoting § 924(e)(2)(B)(i)). And the Court noted that it did not fall under the enumerated clause. *Id.* Put yet another way, *James* involved the residual clause, not the elements clause. Our case involves the elements clause—which *St. Hubert* determined is satisfied by attempted Hobbs Act robbery—not the residual clause. Its holding, therefore, does not cast doubt on *St. Hubert*'s.

[3] We note that *St. Hubert* was issued nearly a decade after *James*. Although *James* was not cited in *St. Hubert*, we assume the panel was aware of *James* and found it distinguishable as we do today.

opinion in *United States v. D.D.B.*, 903 F.3d 684 (7th Cir. 2018), undermined its opinion in *Hill*. We disagree. Though it is true that the *St. Hubert* panel relied on *Hill*, we treat our sister circuits' decisions as persuasive, not binding, authority. That another circuit's opinion, once viewed as persuasive to our court, has been undermined, abrogated, or overruled does not necessarily damage the logical chain we used to arrive at our conclusion. And in any event, the Seventh Circuit in *D.D.B.* pointed out that, with respect to some completed crimes, the attempt version does not require proof of intent to commit *every element* of the completed crime. 903 F.3d at 693. In *D.D.B.*, for example, the Seventh Circuit reiterated the court's holding in *Hill*—that "conviction of attempt requires *proof of intent* to commit all elements of the completed crime," *id.* at 690 (quoting *Hill*, 877 F.3d at 719 (emphasis in *D.D.B.*)—but noted that it did not apply to attempted robbery under Indiana law. *Id.* at 690–91. The Seventh Circuit noted that Indiana's definition "of attempted robbery does not require intent." *Id.* at 691. Accordingly, "the reasoning of *Hill* does not apply." *Id.* at 693.

However, the case at hand and *St. Hubert* involve an attempted violation of the Hobbs Act, which *does* require an intent to commit all elements of the completed crime. *See St. Hubert*, 909 F.3d at 351 ("The intent element of a federal attempt offense requires the defendant to have the specific intent to commit each element of the completed offense."); *see also id.* at 352 ("[A] completed Hobbs

7

Act robbery itself qualifies as a crime of violence under § 924(c)(3)(A) and, therefore, attempt to commit Hobbs Act robbery requires that [the defendant] intended to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner."). Accordingly, we think that the Seventh Circuit's opinion in *D.D.B.* does not cast doubt on our decision in *St. Hubert*.[4]

Second, we turn to McCant's backup argument: He argues that we should overrule our prior panel precedent rule. He raises this argument for the first time in his reply brief, and therefore, we need not address this argument. *See Benz*, 740 F.2d at 916. But even if he had timely raised this argument, it would still be unavailing. We understand that McCant makes this argument to preserve the issue for further review by this court sitting *en banc* or by the Supreme Court. Fair enough. But we are bound by our prior panel precedent rule, even as it relates to the rule itself—that is to say, if it means anything at all, our prior panel precedent rule means that we must apply our prior panel precedent rule here.

And having established that we are bound by our prior panel precedent rule, we conclude that McCant's challenge to his section 924(c) conviction is foreclosed

---

[4] Additionally, we think that the government's argument that *D.D.B.* simply clarified the Seventh Circuit's holding in *Hill* is sound. Though it merely cites an unpublished Seventh Circuit opinion that *D.D.B.* "reiterated" *Hill*'s holding, *see Desilva v. United States*, 740 F. App'x 101, 102 (7th Cir. 2018), our reading of *D.D.B.* yields a similar result. The court in *D.D.B.* merely clarified that "the reasoning of *Hill* does not apply"—not that *Hill*'s reasoning was faulty—because the assumptions and legal realities in play in *Hill* were not present with respect to the Indiana attempted robbery statute in *D.D.B.* *See D.D.B.*, 903 F.3d at 693.

by our binding precedent that attempted Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c). *See St. Hubert*, 909 F.3d at 351. "Unless and until [*St. Hubert*] is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*," which has not happened, it remains binding on all of our subsequent panels. *See Archer*, 531 F.3d at 1352.

For these reasons, we conclude that McCant's conviction for an attempted Hobbs Act robbery constitutes a crime of violence for the purposes of section 924(c)'s elements clause. His conviction is

**AFFIRMED.**