[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14493
Non-Argument Calendar

_____

D.C. Docket Nos. 1:18-cv-24179-PAS,
1:09-cr-20964-PAS-1

ALBERTO GRAJALES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 12, 2021)

Before MARTIN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Alberto Grajales, a counseled federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate.[1]    The district court granted a certificate of appealability[2] on the following issues: (1) the correct legal standard that Grajales must meet in order to establish relief on his *United States v. Davis*, 139 S. Ct. 2319 (2019) claim that his 18 U.S.C. § 924(c) conviction is invalid; and (2) the precedential weight that should be afforded to published panel decisions on applications for second or successive motions to vacate.

On appeal, Grajales argues that his § 924(c) conviction is invalid under *Stromberg v. California*, 283 U.S. 359 (1931) and that a jury's general verdict on an 18 U.S.C. § 924(c) conviction is not harmless under *Parker v. Secretary*, 331 F.3d 764 (11th Cir. 2003).    Grajales further argues that published panel decisions on applications for successive motions to vacate are precedential, but that the standard

---

[1] When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  Similarly, we review *de novo* whether procedural default precludes a § 2255 petitioner's claim, which is a mixed question of law and fact. *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021).

[2] While the scope of review in a § 2255 appeal is limited to issues specified in the certificate of appealability, we will "construe the issue specification in light of the pleadings and other parts of the record." *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).  We have read a COA to encompass procedural issues that must be resolved before we can reach the merits of the underlying claim. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).  However, we have also held that we may skip over procedural default issues if the claim would fail on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020), *petition for cert. filed* (U.S. Feb. 27, 2021) (20-7589).  We may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

that the district court relied upon from *In re Cannon*, 931 F.3d 1236 (11th Cir. 2019), was *dicta* and was not binding.   For the reasons discussed below, we affirm.

Section 2255 allows federal prisoners to obtain post-conviction relief and set aside prior convictions when a sentence "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  However, a § 2255 claim may be procedurally defaulted if the petitioner failed to raise the claim on direct appeal.  *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998).  A defendant can avoid the procedural default bar if the alleged error is jurisdictional. *See United States v. Bane*, 948 F.3d 1290, 1295 (11th Cir. 2020) (noting that the Supreme Court has cautioned the labeling of errors as "jurisdictional.").   Federal district courts have statutory power to adjudicate the prosecution of federal offenses. 18 U.S.C. § 3231.  When an indictment affirmatively alleges conduct that is not a federal offense, the district court does not have jurisdiction to enter a judgment or accept a guilty plea.  *See Bane*, 948 F.3d at 1295.  We have held "that a district court lacks jurisdiction when an indictment alleges only a non-offense."  *See United States v. Peter*, 310 F.3d 709, 715-16 (11th Cir. 2002).

A defendant can overcome the procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error, or (2) that he is actually innocent of the crimes for which he was convicted.  *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004).  A defendant may show cause for failing to raise

a claim when, at the time of the default, the claim was "so novel" that the legal basis of the claim was not reasonably available to counsel but not simply when "subsequent legal developments" made the claim easier to pursue. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (quotation marks omitted).

Under 18 U.S.C. § 924(c), a defendant receives a mandatory consecutive sentence if he uses or carries a firearm during a crime of violence or a drug- trafficking crime. 18 U.S.C. § 924(c)(1). Under § 924(c)(3), a crime of violence is an offense that is a felony and (A) "has an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A), (B). We have referred to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause." *Davis*, 139 S. Ct. at 2323, 2336. The Supreme Court held in *Davis* that the residual clause was unconstitutionally vague. *Id.* Subsequently, we held that conspiracy to commit Hobbs Act robbery did not qualify as a crime of violence under the elements clause. *Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019).

In *Granda*, we held that a § 2255 petitioner's challenge under *Davis* was procedurally defaulted because he could not show cause or actual prejudice. *Granda v. United States*, 990 F.3d 1272, 1286-92 (11th Cir. 2021). We held that Granda

4

could not establish cause because the case law at the time of his appeal in 2009 confirmed that he did not lack the "building blocks" of a vagueness challenge to the 18 U.S.C. § 924(c) residual clause. *See id.* at 1282, 1287-88. Even if Granda could show cause, he could not show actual prejudice to overcome procedural default, because the jury's findings as to which of his multiple, qualifying convictions was a predicate for his § 924(o) conviction "rested on the same operative facts and the same set of events." *See id.* at 1289, 1291. Further, he could not establish actual innocence because he would have to establish that "no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses." *Id.* at 1292.

As an initial matter, it is unnecessary to determine whether Grajales has procedurally defaulted his *Davis* claim because, as discussed below, his *Davis* claim ultimately fails on the merits. *See Dallas*, 964 F.3d at 1307.

In *Granda*, we held that, notwithstanding procedural default, collateral relief for a *Davis* claim is proper only if the court has "grave doubt" about whether a trial error had a "substantial and injurious effect or influence" in determining the verdict. *Granda*, 990 F.3d at 1292 (quoting *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015)). We explained that a petitioner must show more than a reasonable possibility that the error was harmful, and we would grant relief "only if the error 'resulted in actual prejudice'" to the petitioner. *Granda*, 990 F.3d at 1292 (quoting *Brecht v.*

5

*Abrahamson*, 507 U.S. 619, 637 (1993)).  The reviewing court must ask directly whether the error substantially influenced the jury's verdict.  *Id.* at 1293.  Thus, it is not enough for a petitioner to show that the jury may have relied on the now-invalid residual clause; he must show a "substantial likelihood" that the jury did rely on that subsection.  *Id.* at 1288.  Additionally, we have rejected the argument that it is improper to rely on an alternative valid predicate based on *Stromberg* or *Parker*, when conducting a harmless error analysis.  *Id.* at 1293-94.  Further, we rejected the argument that we must apply the categorical approach to a § 924(c) conviction to presume that that conviction rested on an invalid predicate.  *Id.* at 1295-96.  In *Granda*, the record did not raise a grave doubt about whether Granda's § 924(o) conviction rested on the invalid predicate because the conspiracy to commit Hobbs Act robbery was inextricably intertwined with the other predicate offenses.  *Id.* at 1293; *see also Foster v. United States*, 996 F.3d 1100, 1108 (11th Cir. 2021) (holding that there was no real possibility that the jury could have found that the gun in question was used or connected to the conspiracy to rob the stash house without also finding that the gun was connected to his conspiracy and attempt to possess with intent to distribute the cocaine that he had planned to rob from the same stash house, thus the inclusion of the invalid predicate was harmless).

Grajales asserts on appeal that *Stromberg*, *Parker*, and *O'Neal* delineate his burden of proof.  However, we clarified in *Granda* that a movant may succeed on

6

the merits if the court has "grave doubt" about whether a trial error had a "substantial and injurious effect or influence" in determining the verdict and that *Brecht's* harmless error standard applies, which requires the movant to show that the alleged error resulted in actual prejudice. *Granda*, 990 F.3d at 1292. Here, we conclude that Grajales has not shown that he suffered actual prejudice from the general verdict because the predicate offenses for his § 924(c) conviction were inextricably intertwined. *See id.*at 1293. As such, Grajales cannot show that there was a substantial likelihood that the § 924(c) conviction rested on the conspiracy to commit Hobbs Act robbery predicate, and thus he cannot establish actual prejudice. *See Granda*, 990 F.3d at 1288, 1292.

Under our prior panel precedent rule, the holding of a prior panel is binding on all subsequent panels unless or until the decision is overruled or it is undermined to the point of abrogation by this Court sitting *en banc* or the Supreme Court. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We have held that the prior precedent rule "applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).

In response to the certificate of appealability, published panel decisions on applications for second or successive motions to vacate are given equal precedential weight. *See In re Lambrix*, 776 F.3d at 794. As such, prior published panel

7

decisions stemming from applications for second or successive motions to vacate are binding unless or until the decision is abrogated by this Court sitting *en banc* or the Supreme Court. *See Archer*, 531 F.3d at 1352. Accordingly, we affirm the denial of Grajales's § 2255 motion to vacate.

**AFFIRMED.**