[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14869

Non-Argument Calendar

_____

IRAMM WRIGHT,

Petitioner-Appellee,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24060-PCH

_____

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

The government appeals the district court's order granting Iramm Wright's authorized successive 28 U.S.C. § 2255 motion to vacate his 18 U.S.C. § 924(c) conviction and sentence in light of *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019). After review and given our binding precedent in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), we reverse the district court's grant of Wright's § 2255 motion and remand to the district court with instructions to deny the motion.

## I.  BACKGROUND

### A.  Offense Conduct

Wright's convictions arise out of a planned stash-house robbery. An undercover agent posing as a disgruntled drug courier approached Wright about robbing 20 to 30 kilograms of cocaine from his employers' stash house.

Three times Wright and a co-conspirator met with the undercover agent to plan the stash-house robbery. During their meetings, the conspirators discussed, among other things, the need to recruit an experienced robbery crew and bring firearms to the robbery because the stash house had armed guards, and how to split the stolen cocaine after the robbery.

On the day of the planned robbery, Wright and the rest of the crew were arrested after they arrived at a prearranged

rendezvous point. Agents found two loaded firearms, gloves, and a black ski mask in the Chevy Tahoe in which Wright had been riding.

## B. Trial and Convictions

In 2005, a jury convicted Wright of: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); (2) conspiracy to possess with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 2); (3) attempt to possess with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and 18 U.S.C. § 2 (Count 3); (4) using and carrying firearms during and in relation to a crime of violence and a drug trafficking crime "as set forth in Counts 1, 2, and 3," in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 4); and (5) possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 5).

As to the § 924(c) firearm offense in Count 4, the trial court instructed the jury that Wright could be found guilty if the government proved beyond a reasonable doubt that Wright "committed a drug trafficking offense or a crime of violence as charged in Counts 1, 2 and 3 of this indictment" and that he carried the firearm in relation to or possessed the firearm in furtherance of "the crime of violence or drug trafficking crime." The trial court further instructed the jury that the § 924(c) firearm offense in Count 4 was charged "in two separate ways"—that Wright "knowingly carried a firearm during and in relation to a drug

trafficking crime or a crime of violence and possessed a firearm in furtherance of [a] drug trafficking offense or a crime of violence." The trial court instructed that the government could prove Wright committed the crime either way, but that the jury needed to "unanimously agree upon the way in which [Wright] committed the violation." As to Count 4, the jury returned a general verdict and did not indicate which of the charged predicate offenses it relied on.

The district court sentenced Wright to 240 months' imprisonment on Count 1 and 360 months imprisonment on Counts 2, 3, and 5, all to be served concurrently. As to Count 4, the district court imposed a consecutive 60-month sentence, for a total sentence of 420 months' imprisonment.

## C. Direct Appeal and First § 2255 Motion

Wright filed a direct appeal but did not challenge the validity of the predicate offenses supporting his § 924(c) conviction on Count 4 or argue that any part of § 924(c) was unconstitutionally vague. On December 19, 2007, this Court affirmed Wright's convictions and sentences. *See United States v. Reed*, 259 F. App'x 289 (11th Cir. 2007).

In 2009, Wright filed his first § 2255 motion raising numerous claims, none of which are relevant to this appeal. Wright's § 2255 motion was denied on the merits, and both the district court and this Court denied Wright's requests for a certificate of appealability.

## D.  Authorized Successive § 2255 Motion based on *Davis*

In June 2019, the Supreme Court held in *United States v. Davis* that the residual clause definition of a "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague.  588 U.S. ___, 139 S. Ct. 2319, 2323, 2336 (2019).[1]  Shortly thereafter, this Court granted Wright's application for leave to file a successive § 2255 motion attacking his § 924(c) conviction on Count 4 based on *Davis*.

Wright's authorized successive § 2255 motion argued that his § 924(c) conviction on Count 4 must be vacated because one of the three predicate crimes—conspiracy to commit Hobbs Act robbery—was no longer valid given that it qualified as a crime of violence only under the residual clause invalidated in *Davis*.  *See Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (concluding shortly after *Davis* that conspiracy to commit Hobbs Act robbery did not qualify as a crime of violence under § 924(c)(3)(A)'s still-valid elements clause).

---

[1] Section 924(c) makes it a separate crime punishable by a mandatory consecutive sentence to use or carry a firearm during a "crime of violence" or a "drug trafficking crime."  18 U.S.C. § 924(c).  Under § 924(c)(3), a crime of violence is an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(A), (B).  Courts have referred to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause."  *Davis*, 588 U.S. at ___, 139 S. Ct. at 2323.

The government opposed Wright's motion, arguing that: (1) Wright had procedurally defaulted his *Davis* claim by failing to raise it on direct appeal and could not overcome the default; and in any event, (2) Wright's *Davis* claim failed on the merits because he failed to show that the jury relied solely on the Hobbs Act conspiracy predicate to find him guilty of the § 924(c) offense.

### E.  District Court's Order Granting § 2255 Motion

On October 7, 2020, the district court granted Wright's § 2255 motion and vacated his § 924(c) conviction and sentence as to Count 4.  The district court concluded, based on the jury instructions and the jury's general verdict as to Count 4, that it was impossible to determine from the record whether Wright's Count 4 conviction was based on the now-invalid Hobbs Act conspiracy predicate.  The district court concluded there was error under *Stromberg v. California*, 283 U.S. 359, 51 S. Ct. 532 (1931), and that *Stromberg* "forbids" a finding that the error was harmless.  The district court instead found the error was not harmless because it was "impossible to determine from the jury instructions and the jury's general verdict the basis on which the jury's conviction on Count Four rested."

The district court also rejected the government's procedural default argument, concluding: (1) Wright's *Davis* claim was jurisdictional and thus not subject to procedural default; and (2) alternatively, Wright had demonstrated cause and prejudice to overcome the procedural default.

Shortly thereafter, the district court resentenced Wright to 240 months on Count 1 and 312 months on Counts 2, 3, and 5, all to run concurrently.  This appeal by the government followed.[2]

## II.  DISCUSSION

On appeal, the government reasserts its arguments that Wright procedurally defaulted his *Davis* claim and, in any event, his *Davis* claim fails on the merits.  While this appeal was pending, we issued our decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), which is materially indistinguishable from this case and supports both of the government's contentions.[3]

---

[2] The government's notice of appeal, filed December 29, 2020, sought to appeal both the October 7, 2020 order granting Wright's § 2255 motion and the November 3, 2020 amended criminal judgment.  However, the government now states it challenges only the § 2255 order and not the amended criminal judgment.  In light of the government's express abandonment, we need not address Wright's argument in response to this Court's Jurisdictional Question that the government's notice of appeal was untimely as to the amended criminal judgment and DENY AS MOOT Wright's construed motion to dismiss the government's appeal from the amended criminal judgment.

[3] When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  Similarly, we review *de novo* whether procedural default precludes a § 2255 movant's claim, which is a mixed question of law and fact.  *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021).

## A.  Procedural Default Principles

Section 2255 allows federal prisoners to obtain post-conviction relief and set aside prior convictions when a sentence "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  However, a § 2255 claim may be procedurally defaulted if the movant failed to raise the claim at trial or on direct appeal.  *Granda*, 990 F.3d at 1285-86.  A movant can overcome the procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error, or (2) that he is actually innocent of the crimes for which he was convicted.  *Id.* at 1286.

## B.  *Granda*

In *Granda*, this Court applied these procedural default principles to a *Davis* claim that is indistinguishable from Wright's in all material respects.  The § 2255 movant in *Granda*, like Wright here, was arrested during a planned robbery where an undercover agent posed as a disgruntled drug trafficker who wanted to rob his boss.  *Id.* at 1281.  Granda and the rest of the robbery crew planned to dress up as armed police and steal a "stash truck" they believed contained cocaine.  *Id.*  Instead, when they arrived with guns at the prearranged rendezvous spot, Granda ultimately was arrested.  *Id.*

Like Wright, Granda was charged with, and convicted of, both drug and Hobbs Act offenses as well as a § 924 firearm offense. One of Granda's convictions was for a § 924(o) firearm conspiracy count where the five charged predicates were a mix of alleged

20-14869                Opinion of the Court                      9

crimes of violence and drug trafficking crimes, including Hobbs Act robbery conspiracy. *Id.* at 1281-82. At trial, the district court gave a jury instruction much like the one given at Wright's trial. The district court instructed Granda's jury that it could convict Granda of the § 924(o) firearm conspiracy if it found that the object of the conspiracy was to use or carry a firearm during and in relation to *either* a drug trafficking crime *or* a crime of violence, *or* both, "as charged in Counts 1, 2, 3, 4, *or* 5" but that it had to unanimously decide on which predicate. *Id.* at 1281, 1285, 1291. And, as in Wright's case, the *Granda* jury returned a general verdict. *Id.* at 1282.

In 2009, Granda filed an unsuccessful direct appeal and later a first § 2255 motion. *Id.* at 1282. However, similar to Wright here, Granda on direct appeal did not raise a constitutional challenge to § 924(c)'s residual clause or argue that his Hobbs Act conspiracy predicate was invalid until his authorized successive § 2255 motion in 2016.[4] *Id.* And, in Wright's case, the government responded that Granda had procedurally defaulted his claim. *Id.* The district court denied Granda's § 2255 motion on the merits, concluding Granda could not show it was more likely than not that the jury relied on

---

[4] Granda originally brought his claim under *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015), which invalidated a similar residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). This Court resolved Granda's claim under *Davis*, which was announced while Granda's appeal was pending.

the Hobbs Act conspiracy to convict him of the § 924(o) offense. *Id.* at 1282-83.

On appeal, this Court affirmed on two grounds: (1) Granda could not show either cause and actual prejudice or actual innocence to overcome the procedural default of his claim; and (2) Granda could not prevail on the merits. *Id.* at 1280-81.

As to procedural default, this Court concluded that Granda's constitutional vagueness claim was not sufficiently novel to constitute cause. *Id.* at 1286. The Court explained that while *Davis* announced a new constitutional rule of retroactive application, it was not a "sufficiently clear break with the past" that an attorney representing Granda "would not reasonably have had the tools" necessary to present the claim before *Davis*. *Id.* (quotation marks omitted). We also stated: "Moreover, the case law extant at the time of Granda's appeal confirms that he did not then lack the 'building blocks of' a due process vagueness challenge to the § 924(c) residual clause." *Id.* at 1287-88 (citing cases going back to 1986 that demonstrated litigants had been raising similar vagueness challenges to other parts of § 924(c) "for years"). Therefore, this Court ruled that Granda's *Davis* claim was available in 2009 when he filed his direct appeal. *Id.*

Even if Granda could show cause, this Court also concluded he could not establish actual prejudice because he could not show "a substantial likelihood" that "the jury relied *only* on" the invalid predicate to convict him. *Id.* at 1288. The Court explained that it was "not enough for Granda to show that the jury may have relied

on the Count 3 Hobbs Act conspiracy conviction as the predicate" because "reliance on any of [the other valid predicates] would have provided a wholly independent, sufficient, and legally valid basis to convict . . . ." *Id.* In short, if the absence of the invalid predicate would not likely have changed the jury's decision to convict, then the petitioner did not suffer actual prejudice. *Id.*

The Court found that Granda could not make this showing because: (1) the jury unanimously found him guilty of all the valid predicates, including conspiracy and attempted possession of cocaine with intent to distribute; (2) the trial record made "it abundantly clear" that the jury's findings of guilt all "rested on the same operative facts and the same set of events" including "that Granda had conspired and attempted to rob the truck in order to possess and distribute the cocaine it held"; and (3) in light of the trial evidence, the jury could not have concluded he conspired to possess the firearm in furtherance of the robbery conspiracy without also finding he conspired to possess the firearm in furtherance of the drug conspiracy and the other valid predicates. *Id.* at 1289.

The *Granda* Court relied on *United States v. Cannon*, 987 F.3d 924, 947-50 (11th Cir. 2021), which held on direct appeal that a *Davis* error in submitting an invalid Hobbs Act conspiracy predicate to the jury was harmless where the trial record made clear that the invalid predicate was "inextricably intertwined" with a valid cocaine conspiracy predicate such that "no rational juror could have found that [the defendants] carried a firearm in relation

to one predicate but not the other." *Id.* at 1289-90 (quotation marks omitted). The Court determined that, as in *Cannon*, Granda's "alternative predicate offenses [were] inextricably intertwined—each arose from the same plan and attempt to commit armed robbery of a tractor-trailer full of cocaine." And this "tightly bound factual relationship of the predicate offenses preclude[d] Granda from showing [on collateral attack] a substantial likelihood that the jury relied solely on" the one invalid predicate. *Id.* at 1291.

Finally, for the same reason—that no reasonable juror would have concluded Granda conspired to possess the firearm in furtherance of only the invalid Hobbs Act conspiracy and not the drug trafficking crimes—this Court also concluded that Granda could not establish actual innocence. *Id.* at 1292; *see also Parker v. United States*, 993 F.3d 1257, 1263 (11th Cir. 2021) (following *Granda* as "materially indistinguishable" to conclude the § 2255 movant had not shown actual innocence to overcome the procedural default of his *Davis* claim where it was "undeniable on this record" that the movant's "valid drug trafficking predicates [were] inextricably intertwined with the invalid Hobbs Act conspiracy predicate").

## C.    Wright's *Davis* Claim is Subject to the Procedural Default Bar

Wright argues his *Davis* claim cannot be procedurally defaulted because the error is jurisdictional. On collateral review, a defendant can avoid the procedural default bar altogether "if the alleged error is jurisdictional." *United States v. Bane*, 948 F.3d

20-14869                 Opinion of the Court                 13

1290, 1294 (11th Cir. 2020).   Although a district court has the statutory power under 18 U.S.C. § 3231 to adjudicate the prosecution of federal offenses, *id.*, this Court has held "that a district court lacks jurisdiction when an indictment alleges only a non-offense." *United States v. Peter*, 310 F.3d 709, 715-16 (11th Cir. 2002).   On the other hand, "[s]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction."   *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014).[5]

Here, Wright cannot claim that, in light of *Davis*, his indictment alleged only a "non-offense."   That is, he cannot, and does not, argue that Count 4 charged only conduct falling outside the sweep of § 924(c).   This is so because Wright's § 924(c) count alleged *both* the invalid Hobbs Act conspiracy predicate and two

---

[5] As this Court has explained, *Peter* and other cases finding jurisdictional defects in indictments involve the "specific and narrow circumstances" in which the indictments "affirmatively allege facts that conclusively negated the existence of any offense against the laws of the United States." *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014). In *Peter*, the indictment defect was jurisdictional because the only conduct affirmatively alleged "undoubtedly fell outside the sweep of the [federal criminal] statute." *Id.* Absent such specific and narrow circumstances, the Supreme Court has made clear that "defects in an indictment do not deprive a court of its power to adjudicate a case." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)).

undisputedly valid drug trafficking predicates.[6]    Thus, Wright's indictment charged him with violating a valid federal statute and the indictment defect Wright points to here was nonjurisdictional. *See Brown*, 752 F.3d at 1354.    Moreover, this Court has repeatedly held that a *Davis* claim like Wright's—in which the § 924(c) count charges *both* valid and invalid predicates—can be procedurally defaulted.    *See Granda*, 990 F.3d at 1286-92; *Parker*, 993 F.3d at 1262.

### D.    Wright Cannot Overcome His Procedural Default

On direct appeal in 2007, Wright did not argue that his § 924(c) conviction was invalid because the § 924(c)(3)(B) residual clause was unconstitutionally vague.    Thus, like the petitioners in

---

[6] For this reason, Wright's reliance on *United States v. St. Hubert* is misplaced. The defendant in *St. Hubert* claimed that *neither* of the two predicates alleged in his § 924(c) count qualified as a crime of violence. *St. Hubert*, 909 F.3d 335, 343 (11th Cir. 2018) (concluding that St. Hubert's *Johnson* claim was jurisdictional because he argued that *all* of the charged predicates were invalid and thus the indictment "consisted only of specific conduct" that as a matter of law was outside the sweep of § 924(c)), *abrogated on other grounds by Davis*, 588 U.S. at ___, 139 S. Ct. at 2332-36.

Here, however, Wright does not dispute that the two drug trafficking predicates alleged in his § 924(c) offense in Count 4 remain valid after *Davis*. Thus, Wright's indictment alleged conduct—possessing a firearm in furtherance of two drug trafficking crimes—that constitutes a valid federal offense.    Wright's claim, which turns on the fact that the jury returned a general verdict, is not like the claim in *St. Hubert*, which turned on the indictment's purported failure to allege any § 924(c) offense at all.

*Granda* and *Parker*, Wright procedurally defaulted his *Davis*-based challenge to his § 924(c) conviction.

Wright cannot show cause or actual prejudice to overcome his default. First, Wright cannot show cause because, as was true in *Granda*, the building blocks to bring a due process vagueness challenge to § 924(c)(3)(B)'s residual clause existed at the time of his 2007 direct appeal. *Granda*, 990 F.3d at 1286-92; *see also Parker*, 993 F.3d at 1265. As we explained in *Granda*, the Supreme Court's 2007 decision in *James v. United States*, 550 U.S. 192, 127 S. Ct. 1586 (2007), "indicated that at least three Justices were interested in entertaining challenges to the ACCA's residual clause, and perhaps to similar statutes." *Granda*, 990 F.3d at 1287. In addition, defendants had been raising similar vagueness challenges to various criminal statutes, including other parts of § 924(c), for many years leading up to 2007, indicating that by the time of Wright's 2007 direct appeal "the tools existed" to bring such a challenge to § 924(c)(3)(B). *See id.* at 1287-88 (citing examples from other circuits all decided before the conclusion of Wright's direct appeal).

Even if Wright could establish cause for his procedural default, he could not show actual prejudice. To do so, Wright would have to show a "substantial likelihood" that the jury actually relied only on his Hobbs Act conspiracy predicate to convict him of the § 924(c) count. *See id.* at 1288. But, based on the record before us, he cannot do so.

Given the trial evidence that Wright planned and attempted to rob at gunpoint a drug dealer's stash house containing 20 to 30 kilograms of cocaine so that he could then sell at least a portion of the cocaine himself, the jury unanimously found him guilty of all of the predicates: conspiracy and attempt to possess cocaine with intent to distribute it *and* conspiracy to commit Hobbs Act robbery. The trial record establishes (1) that all of these findings of guilt "rested on the same operative facts and the same set of events"; (2) that the objective of Wright and his crew—to take at gunpoint and then sell multiple kilograms of cocaine—was the same for the planned robbery and the planned drug crime; and (3) that all of the predicate offenses supporting the § 924(c) count "were so inextricably intertwined" that no reasonable jury could have convicted Wright of using and carrying the firearm in relation to only one of them. *See id.* at 1289-90. Moreover, Wright does not cite any record evidence allowing us to find the offenses are separate, nor did he offer a theory of defense at trial that would have permitted the jury to do so. *See id.* at 1290. And, because of the district court's unanimity instruction, we know that the jury unanimously agreed on the "way" in which Wright committed his § 924(c) offense, i.e., the predicates. *See id.* at 1291. In short, "the tightly bound factual relationship of the predicate offenses precludes [Wright] from showing a substantial likelihood that the

jury relied solely on" the Hobbs Act conspiracy predicate to convict him of Count 4. *See id.* at 1291.[7]

Further, for the same reasons, Wright cannot establish that he was actually innocent of his § 924(c) offense. To show actual innocence, Wright would have to show that no reasonable juror would have concluded he possessed a firearm in furtherance of "any of the valid predicate offenses." *Id.* at 1292. And, as in *Granda*, the fact that Wright's invalid predicate is "inextricably intertwined" with his valid predicates "makes it impossible" for him to make such a showing. *See id.*; *see also Parker*, 993 F.3d at 1263 (following *Granda* and concluding Parker could not show actual innocence because his "predicate offenses were inextricably intertwined so that if jurors found one applicable—which, given

---

[7] Wright contends that for purposes of showing actual prejudice, *Granda* is materially distinguishable because Granda received a concurrent sentence on his § 924(o) conviction, while Wright received a consecutive sentence on his § 924(c) conviction. Wright's claim that a consecutive sentence is inherently prejudicial misses the point. *Granda*'s prejudice analysis made no mention of the concurrent sentence and focused instead on the likely effect of the invalid predicate on "the jury's decision to convict." *See Granda*, 990 F.3d at 1288 ("If the absence of the invalid [Hobbs Act conspiracy] predicate would not likely have changed the jury's decision to convict, Granda has not suffered actual prejudice.").

We further note that Wright's *Davis* claim is not a challenge to an extended prison term, such as a career offender designation under the Sentencing Guidelines or an armed career criminal designation under the ACCA, but to the validity of his conviction. Thus, contrary to Wright's assertion, Wright's consecutive sentence is not material to the prejudice inquiry here.

their guilty verdicts on Counts 4 and 5, we know they did—they had to reach the same conclusion with respect to the others").

For purposes of preserving the issue for further review, Wright contends *Granda* is wrongly decided and that, under a proper reading of *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604 (1998), he needed to show only legal innocence, not factual innocence, to overcome his procedural default.  As Wright acknowledges, however, we are bound by *Granda*.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that under our prior panel precedent rule, the holding of a prior panel is binding on all subsequent panels unless or until it is overruled or is undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court).

For these reasons and given our binding precedent, we conclude Wright has not shown either cause and prejudice or actual innocence to overcome the procedural default of his *Davis* claim.

### E.  Wright's Claim Loses on the Merits

Even if Wright's *Davis* claim were not procedurally defaulted, *Granda* and our subsequent decisions applying *Granda* compel us to conclude alternatively that it fails on the merits.

A § 2255 movant is entitled to relief on a *Davis* claim only if he can show that his § 924(c) conviction is supported solely by a predicate crime of violence under § 924(c)(3)(B)'s residual clause. *See In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019) (citing

*Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017); *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) (same).

In *Granda*, we held that, notwithstanding procedural default, the harmless-error standard mandates that collateral relief for a *Davis* claim is appropriate only if the court has "grave doubt" about whether a trial error had "substantial and injurious effect or influence" in determining the verdict. 990 F.3d at 1292 (quoting *Davis v. Ayala*, 576 U.S. 257, 267-68, 135 S. Ct. 2187, 2197-98 (2015)). Applying the harmlessness standard in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710 (1993), the *Granda* Court held that "the court may order relief" for a *Davis* error "only if the error resulted in actual prejudice" to the petitioner. *Id.* (noting that *Brecht* does not impose a burden of proof and that the reviewing court instead must "ask directly" whether the error substantially influenced the jury's verdict).[8]

---

[8] The *Granda* Court rejected several arguments against applying *Brecht*, including: (1) that it is improper to consider whether alternative valid predicates supplied the basis for the conviction based on *Stromberg v. California*, 283 U.S. 359, 51 S. Ct. 532 (1931), and *Parker v. Sec'y, Dep't of Corrs.*, 331 F.3d 764 (11th Cir. 2003); and (2) that, in *Davis* cases, courts must apply a "categorical approach" to a § 924(c) conviction and assume that the conviction rested on the invalid predicate to avoid impermissible judicial factfinding prohibited by *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013). *See Granda*, 990 F.3d at 1293-96. To the extent Wright raises these arguments in his appeal, they are foreclosed by *Granda*. *See Archer*, 531 F.3d at 1435.

On this record, we have no such "grave doubt" about whether Wright's § 924(c) conviction rested on an invalid ground. The jury unanimously found Wright guilty of all three predicate crimes. And, as already discussed, all three predicate crimes were inextricably intertwined as they stemmed from the same plan and attempt to rob cocaine from a drug dealer's stash house using firearms. *See id.* at 1293; *see also Parker*, 993 F.3d at 1265 (holding that the record made clear that if the jury relied on the invalid Hobbs Act conspiracy predicate, it also relied on the valid drug trafficking predicates because they were inextricably intertwined and therefore any error was harmless); *Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir. 2021) (applying *Parker* and concluding, on virtually identical facts to those found in Wright's case, that the jury "could not have found that Foster's gun use or possession . . . was connected to his conspiracy to rob the stash house without also finding at the same time that they were connected to his conspiracy and attempt to possess with intent to distribute the cocaine he planned to rob from the same stash house" and thus "the inclusion of an invalid predicate offense in the indictment and jury instructions was harmless").

The record establishes that Wright was actively involved in the planning of, and attempt to commit, the armed stash-house robbery. Specifically, Wright met with the undercover agent several times to plan the stash-house robbery; knew the stash house had armed guards; knew that they needed an experienced robbery crew and firearms in order to steal the cocaine from the

stash house; intended to divide the 20 to 30 kilograms of cocaine amongst the crew after the robbery; and had loaded firearms, gloves, and a ski mask in the vehicle with him while he was riding to what he believed to be the stash house to commit the robbery. Based on these facts, a reasonable jury could not have found that Wright committed the § 924(c) firearm offense in relation to the Hobbs Act conspiracy without also finding that he committed the § 924(c) firearm offense in relation to the drug trafficking crimes. We therefore do not have a grave doubt that Wright's § 924(c) conviction rested on only the invalid Hobbs Act conspiracy predicate, despite the jury's general verdict. As such, Wright cannot establish actual prejudice, and the inclusion of the invalid Hobbs Act conspiracy predicate in Count 4 of his indictment and in the jury instructions was harmless.

## III. CONCLUSION

For the reasons discussed above, Wright cannot establish that he is entitled to collateral relief on his *Davis* claim. We recognize that the district court did not have the benefit of *Granda* or our subsequent decisions applying *Granda* when it granted Wright's § 2255 motion. Nonetheless, in light of *Granda*, the district court reversibly erred when it concluded that Wright had demonstrated cause and prejudice to overcome the procedural default of his *Davis* claim and that the *Davis* error was not harmless. Accordingly, we reverse the district court's order granting Wright's § 2255 motion and on remand the district court shall deny Wright's § 2255 motion.

REVERSED and REMANDED.