[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12641
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60243-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL PRICE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2012)

Before TJOFLAT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Price appeals his conviction following trial for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a); one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Price argues on appeal that the district court abused its discretion in not granting him additional peremptory challenges during jury selection.  He also argues the court made insufficient findings to support his waiver of counsel at trial.

I.

We review challenges to the manner in which peremptory strikes were distributed for abuse of discretion.  United States v. Romero, 780 F.2d 981, 984 (11th Cir. 1986).

The Federal Rules of Criminal Procedure provide that, in a non-capital felony case, a defendant has ten peremptory challenges.  Fed. R. Crim. P. 24(b)(2).  Peremptory challenges are not required by the Constitution.  United States v. Martinez-Salazar, 528 U.S. 304, 311, 120 S. Ct. 774, 779 (2000).  The purpose of peremptory challenges is to "help secure the constitutional guarantee of trial by an impartial jury."  Id. at 316, 120 S. Ct. at 782.

2

Here, Price has not asserted that the district court failed to follow Rule 24's requirements for peremptory strikes, nor has Price argued that any person actually seated on the jury was less than impartial. In other words, Price has failed to explain how he suffered any harm from the district court's decision. Accordingly, we affirm the district court's decision to deny Price's request.

## II.

A district court's conclusion that a defendant validly waived his right to counsel is a mixed question of law and fact that we review de novo. United States v. Cash, 47 F.3d 1083, 1088 (11th Cir. 1995). On direct appeal, the government bears the burden of proving the validity of the waiver. Id.

A decision to proceed pro se must be knowing and voluntary. Jones v. Walker, 540 F.3d 1277, 1287-88 (11th Cir. 2008) (en banc). The "knowing and voluntary" standard addresses whether the defendant knows the risks of proceeding without a lawyer and voluntarily makes the decision to proceed without counsel in light of those risks. See Kimball, 291 F.3d at 731. It is not concerned with whether the defendant has the necessary legal knowledge to conduct his own defense. Id.

We have identified several factors which are important in determining whether a decision to proceed pro se is valid. They include: (1) the defendant's

3

age, health, and education; (2) the defendant's contact with lawyers prior to trial; (3) the defendant's knowledge of the nature of the charges and possible defenses and penalties; (4) the defendant's understanding of the rules of evidence, procedure, and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed and, if so, the extent to which standby counsel aided in the trial; (7) any mistreatment or coercion of the defendant; and (8) whether the defendant was attempting to manipulate the trial. Id. at 730-31.  A diagnosed mental disorder can be material in this Court's review and balancing of these factors.  See Cash, 47 F.3d at 1089-90.

Here, the record reflects that the magistrate conducted a very thorough Faretta[1] inquiry.  The court inquired into, inter alia, Price's education, his prior experience with legal proceedings, his awareness of the Federal Rules of Evidence and Criminal Procedure, his awareness of the maximum penalties for each count, and his understanding that he might inadvertently waive his rights during trial. The magistrate repeatedly advised Price that proceeding pro se was a very risky decision and could result in a higher chance of mistakes and, ultimately, conviction.  Price stated that he intended to read the Federal Rules, that he had considerable experience with how trials operated, that he had practical experience

---

[1]    Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975).

4

cross-examining people, and that he was eager to get the trial underway.  He stated that he voluntarily made the decision to proceed pro se, and his appointed stand-by counsel stated that he knew of no reasons why Price should not be permitted to proceed pro se.  There is nothing in the record to remotely suggest that Price lacked the mental capacity to make the decision to proceed without counsel.

The government has met its burden on appeal by pointing to ample support in the record for the conclusion that Price's waiver of counsel was both voluntary and knowing.  See Jones, 540 F.3d at 1287-88.  Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2]    Price's request for oral argument is DENIED.