[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12133-C

_____

IN RE: MICHAEL PRICE,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: LUCK, LAGOA, and ED CARNES, Circuit Judges.

ED CARNES, Circuit Judge:

Michael Price has applied under 28 U.S.C. §§ 2255(h) and 2244(b)(3) for an order

authorizing the district court to consider a second or successive motion to vacate, set aside, or

correct his federal sentence under 28 U.S.C. § 2255.   Such authorization may be granted only if

this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have found the movant guilty of the
> offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).   "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection."   Id. § 2244(b)(3)(C); see also

Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this

Court's determination that an applicant has made a prima facie showing that the statutory criteria

have been met is simply a threshold determination).

## I.   BACKGROUND

Price was charged in Counts 1 and 4 of an indictment with bank robbery, in violation

of 18 U.S.C. §§ 2113(a) and 2.   In Counts 2 and 5 he was charged with conspiracy to commit

bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 371.   In Counts 3 and 6 he was charged

with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) and 2.   And in Count 7 he was charged with possession of a firearm by a

felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

The indictment specified that Count 3, which was one of the § 924(c) counts, was

predicated on the crimes described in Count 1 (bank robbery) and Count 2 (conspiracy to commit

bank robbery).   It also specified that Count 6, the other § 924(c) count, was predicated on the

crimes described in Count 4 (robbery) and Count 5 (conspiracy to commit bank robbery).

Importantly, the court instructed the jury that it could find Price guilty of the § 924(c) charge in

Count 3 only if it found him guilty beyond a reasonable doubt of the bank robbery charge in

Count 1; and it also instructed the jury that it could find Price guilty of the § 924(c) charge in

Count 6 only if it found him guilty beyond a reasonable doubt of the bank robbery charge in

Count 4.

The jury convicted Price on all counts except Count 2.   He was sentenced to a total of

624 months in prison, consisting of concurrent terms of 240 months on Counts 1, 4, and 7; a

2

concurrent term of 60 months on Count 5; a consecutive term of 84 months in prison on Count 3, and a consecutive term of 300 months in prison on Count 6.   We affirmed Price's convictions on direct appeal.   See United States v. Price, 485 F. App'x 396 (11th Cir. 2012).

In 2016 Price filed his original § 2255 motion, in which he challenged his § 924(c) convictions and sentences under Johnson v. United States, 135 S. Ct. 2551 (2015).   The district court denied relief.

## II.   DISCUSSION

In his application, Price seeks to raise two claims in a second or successive § 2255 motion.   First, he contends that it is unclear from the indictment whether his § 924(c) convictions were predicated on bank robbery, conspiracy to commit bank robbery, or both.   He asserts that his § 924(c) convictions are unconstitutional if they were based on conspiracy to commit bank robbery, which he argues no longer qualifies as a crime of violence after the Supreme Court's invalidation of § 924(c)(3)(B)'s residual clause in United States v. Davis, 139 S. Ct. 2319 (2019).   Second, Price contends that he is entitled to relief from his § 922(g) conviction under Rehaif v. United States, 139 S. Ct. 2191 (2019), because the government failed to prove that he knew that he belonged to a class of persons (felons) who are prohibited from possessing a firearm.

### A. The Davis Claim

Price's first claim stems from Davis, 139 S. Ct. 2319.   In that case the Supreme Court extended its holdings in Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), to hold that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and

3

18 U.S.C. § 16(b), is unconstitutionally vague.   Davis, 139 S. Ct. at 2324–25, 2336.   In doing so, the Court resolved a circuit split on the issue, rejecting the position that the residual clause of § 924(c)(3)(B) should be saved from unconstitutionality by being read to encompass a case-specific, conduct-based approach, rather than a categorical approach.   Id. at 2325 & n.2, 2332–33.   The Court in Davis emphasized that because there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in Johnson and Dimaya, § 924(c)(3)(B) was unconstitutional for the same reasons the residual clauses in those two cases were.   Id. at 2326, 2336.

In In re Hammoud we resolved several issues about second or successive applications involving proposed Davis claims.   931 F.3d 1032, 1036–37 (11th Cir. 2019).   We held that Davis, like Johnson, announced a new rule of constitutional law within the meaning of § 2255(h)(2), because the rule Davis announced was "substantive" since that rule restricted "the class of persons § 924(c) could punish and, thus, the government's ability to impose punishments on defendants under that statute."   Id. at 1038.   We coupled that with the holding that the Davis rule was "new" because it extended Johnson and Dimaya to a new statutory context and its result was not necessarily "dictated by precedent."   Id.   We also held that, even though the Supreme Court in Davis did not discuss retroactivity, the retroactivity of Davis's rule was "necessarily dictated" by the Court's holding in Welch v. United States, 136 S. Ct. 1257, 1264–65, 1268 (2016), that Johnson's substantially identical constitutional rule applied retroactively to cases on collateral review.   Id. at 1038–39 (quoting Tyler v. Cain, 533 U.S. 656, 662–64, 666 (2001)) (brackets omitted).

4

Although Price cites Davis, which announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h), that alone is not enough. "[T]o make the required prima facie showing under § 2244(b)(3)(C), [Price] 'also must demonstrate that there is a reasonable likelihood'" that his Davis claim would succeed. In re Dailey, 949 F.3d 553, 560 (11th Cir. 2020) (quoting In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003)); accord In re Cannon, 931 F.3d 1236, 1241 (11th Cir. 2019) ("Even though [the petitioner] cites Davis, we still must determine whether [his] current successive application has made a prima facie showing as to his purported Davis claim."). Price has not made the required showing.

We have granted second or successive applications where the petitioner's indictment charged him with violating or conspiring to violate § 924(c) and tied that charge to more than one predicate offense. See In re Cannon, 931 F.3d at 1242–45; In re Gomez, 830 F.3d 1225, 1227–28 (11th Cir. 2016). In those cases we had not yet decided whether one of the specified predicate offenses qualified as a crime of violence for Johnson or Davis purposes. See In re Cannon, 931 F.3d at 1243; In re Gomez, 830 at 1227–28. Because the jury in each case returned a general verdict, "we [could] only guess which predicate the jury relied on." In re Gomez, 830 F.3d at 1228; see In re Cannon, 931 F.3d at 1243. That meant it was possible the jury relied on a predicate offense that was not a crime of violence. See In re Cannon, 931 F.3d at 1243; In re Gomez, 830 F.3d at 1228. For that reason, we held the petitioners in those cases had made prima facie showings that their Johnson or Davis claim would succeed.

Price's case is similar to those cases in some but not all respects. Price's indictment alleged two predicate offenses for each of his § 924(c) convictions: bank robbery and conspiracy

5

to commit bank robbery.   We have not yet decided whether one of those offenses, conspiracy to commit bank robbery, is a crime of violence under § 924(c) after Davis.   And Price's jury returned a general verdict on each § 924(c) charge.   Those are the similarities between his case and Cannon and Gomez.

But Price's case is different from those two cases in an important way — there is no uncertainty about whether the jury in his case relied on a predicate offense that is a violent crime. See In re Navarro, 931 F.3d 1298, 1303 n.4 (11th Cir. 2019) (distinguishing In re Gomez because, under Navarro's plea agreement and factual proffer, "there is no uncertainty as to which of the three predicate offenses identified in the indictment underlie Navarro's § 924(c) conviction").   While Price's indictment tied each § 924(c) charge to both a bank robbery charge and a conspiracy to commit bank robbery charge, the district court's jury instructions, in effect, untied them from the conspiracy charge.   What the instructions told the jury is that it could find Price guilty of each § 924(c) charge only if it found him guilty of the corresponding bank robbery charge.   Which is what the jury did.   It found him guilty of the Count 1 bank robbery crime that served as a predicate violent offense for the Count 3 § 924(c) crime.   It also found him guilty of the Count 4 bank robbery crime that served as a predicate violent offense for the Count 6 § 924(c) crime.   Bank robbery is a crime of violence.   See In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016).

We not only can, but we must, presume that juries follow their instructions. The presumption that they do is rock solid law enshrined in a host of decisions of the Supreme Court and this Court.   See, e.g., Kansas v. Carr, 136 S.Ct. 633, 645 (2016); Penry v. Johnson, 532 U.S. 782, 799 (2001); Weeks v. Angelone, 528 U.S. 225, 234 (2000); Richardson v. Marsh, 481 U.S.

6

200, 206–07 (1987) (referring to "the almost invariable assumption of the law that jurors follow their instructions, which we have applied in many varying contexts.") (citation omitted); Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985) (recognizing "the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions"); United States v. Zitron, 810 F.3d 1253, 12558 (11th Cir. 2016); Greene v. Upton, 644 F.3d 1145, 1157 (11th Cir. 2011); Puiatti v. McNeil, 626 F.3d 1283, 1314–15 (11th Cir. 2010).

Because of that law, we must presume that when the jury found Price guilty of the § 924(c)(1)(A)(ii) charges, it followed the court's instructions and predicated those findings on the two bank robbery charges; the jury necessarily found that Price committed the two robberies. Bank robbery is a crime of violence under § 924(c)'s elements clause.   In re Sams, 830 F.3d at 1239.   It follows that Price has failed to make, and cannot make, a prima facie showing that his Davis claim would succeed.

## B.   Rehaif Claim

Price's second claim stems from Rehaif, 139 S. Ct. 2191.   In that case the Supreme Court held that in prosecutions under 18 U.S.C. § 922(g), the government must prove the defendant knew both that he possessed a firearm and that he belonged to a class of persons prohibited from possessing a firearm. Rehaif, 139 S. Ct. at 2200.   We later denied a petitioner's second or successive application challenging his § 922(g) conviction under Rehaif.   In doing so, we explained that his claim failed to meet the statutory criteria in § 2244(b)(C)(3) because Rehaif did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court.   In re Palacios, 931

7

F.3d 1314, 1315 (11th Cir. 2019).   For those same reasons, Price's <u>Rehaif</u> claim fails to meet the statutory criteria for a second or successive application.

### III.   CONCLUSION

For the reasons stated, Price's application to file a second or successive motion to vacate, set aside, or correct his federal sentence is **DENIED.**

8