[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13424

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL BERKINS MOISE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00020-MMH-JRK-1

_____

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

After a jury trial, Paul Moise was convicted of numerous counts of filing false tax returns. *See* 26 U.S.C. § 7206(1), (2). On appeal, he challenges his convictions on the basis that the prosecutor made an improper remark during rebuttal closing. We agree that the prosecutor made an improper remark. But as we explain below, we cannot say that the prosecutor's single improper remark, in the context of the eight-day trial as a whole, caused Moise substantial prejudice. We therefore affirm Moise's conviction.

## I.

Moise owned and operated two tax-return-preparation companies. The evidence at trial showed that he included false information on his clients' tax returns without their knowledge, such as deductions for expenses not actually incurred, to minimize their tax liability. He also filed individual tax returns falsely reporting his own income and expenses.

Near the end of the eight-day trial, during closing arguments, Moise's counsel pointed out that, before criminal charges were brought, the Department of Justice had told the investigating Internal Revenue Service agents to revise their calculations about Moise's income and expenses using a more conservative methodology. Defense counsel suggested that, because the agents' initial

"work was so bad," neither the revised calculations offered at trial nor the agents' testimony could be trusted.

In rebuttal, the prosecutor stated that the IRS's initial calculations have "nothing to do with this case." To illustrate the point, the prosecutor continued,

> And I don't want to seem flip, but some of you may have seen it. I think it's a South Park episode. And there's a character on there who is -- plays kind of a shyster attorney. And there's a scene where he's giving his closing, and he puts up a picture of a Wookie from Star Wars. And he said: That's a Wookie. What does that have to do with this case? Nothing. That doesn't make any sense. This case doesn't make any sense.

Defense counsel objected and, at sidebar, argued that the prosecutor had implied he was a "shyster lawyer," which the prosecutor disputed. The district court instructed the jury to disregard "those last couple of statements about the South Park episode," and defense counsel did not request further relief. The prosecutor then continued with his argument that defense counsel was trying to distract the jury with irrelevant matters. The court also reminded the jury three times throughout the proceedings that statements made by attorneys are not evidence. Ultimately, the jury reached a guilty verdict on seventeen counts, but was unable to reach a verdict on the remaining six.

On appeal, Moise argues that the prosecutor's "shyster at-torney" comment denied him a fair trial because it poisoned the jury's mind against him and discredited his attorney. He does not otherwise challenge his convictions or sentence.

## II.

We ordinarily review a claim of prosecutorial misconduct *de novo* because it presents a mixed question of law and fact. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). Here, though, while Moise objected to the challenged comment, he did not seek further relief, such as a mistrial, after the court sustained the objection and instructed the jury to disregard the comment. *See United States v. Mosquera*, 886 F.3d 1032, 1046 (11th Cir. 2018) (where defense counsel "did not seek any further relief" after the court sustained a defense objection, "any claimed failure by the trial court is reviewable only for plain error"); *see also United States v. Marquardt*, 695 F.2d 1300, 1304–05 (11th Cir. 1983). Because Moise did not suggest that the curative instruction was insufficient to cure any prejudice stemming from the comment, his current de-mand for a new trial was not fairly presented to the district court, so plain-error review applies.[1]

---

[1] Moise seems to acknowledge as much in his reply brief.

### III.

In any case, Moise is not entitled to relief under either standard of review because the isolated comment did not prejudice his substantial rights.

"Prosecutorial misconduct requires a new trial only if we find the remarks (1) were improper and (2) prejudiced the defendant['s] substantive rights." *United States v. Frank*, 599 F.3d 1221, 1237 (11th Cir. 2010) (quotation marks omitted). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Eckhardt*, 466 F.3d at 947.

In evaluating whether a defendant's substantial rights have been affected, we consider the misconduct "in the context of the entire trial, along with any curative instruction." *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009); *see United States v. Young*, 470 U.S. 1, 11 (1985) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context."). "Reversal on the basis of prosecutorial misconduct requires that the misconduct be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Weinstein*, 762 F.2d 1522, 1542 (11th Cir. 1985) (quotation marks omitted). Moreover, "[i]f the district court takes a curative measure, we will reverse only if the evidence is so prejudicial as to be incurable by that measure." *Lopez*, 590 F.3d at 1256. That's because "[w]e

presume that the jury followed the district court's curative instructions." *Id.*

The parties agree to that the prosecutor's "shyster" remark could have been perceived as an attack on the credibility or integrity of Moise's counsel. We also agree that the remark was improper on that basis. *See Young*, 570 U.S. at 9 (attorneys "must not be permitted to make unfounded and inflammatory attacks on the opposing advocate"); *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987) ("[t]o discredit defense counsel in front of the jury is improper"), *overruled on other grounds as stated in United States v. Watson*, 866 F.2d 381, 385 n.3 (11th Cir. 1989).

Nevertheless, we see nothing in the record to suggest that Moise was prejudiced by the "shyster" comment. It was a single, isolated remark in an eight-day trial, and we cannot say it permeated the entire trial. *See Weinstein*, 762 F.2d at 1542. It also came in rebuttal during otherwise proper argument that defense counsel's contentions about the IRS's initial calculations were not directly relevant to Moise's guilt or innocence. So despite the pejorative nature of the word "shyster," the jury would have understood the prosecutor's remark as a narrow response concerning the initial calculations, not as a general attack on defense counsel's character.[2] *Cf. United States v. Stefan*, 784 F.2d 1093, 1100 (11th

---

[2] The jury also heard testimony directly from Moise, which minimizes the possibility it would use defense counsel as a proxy for Moise when assessing the evidence.

Cir. 1986) ("[T]he harm inflicted by the prosecutor's improper remarks [in rebuttal] was lessened by the jury's understanding that the prosecutor's remarks were an invited response.").

Moreover, the district court promptly gave a curative instruction for the jury to disregard the "statements about the South Park episode," including the "shyster" remark, and it gave several instructions that the jury must decide the case based on the evidence, not statements from the attorneys. We presume that the jury followed these instructions. *See Lopez*, 590 F.3d at 1256. And there is nothing in the record here to overcome that "rock solid" presumption. *See In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020) ("The presumption that [juries follow their instructions] is rock solid law enshrined in a host of decisions of the Supreme Court and this Court."). Indeed, that the jury did not convict on multiple counts indicates that it was able to follow the court's instructions and make judgments based solely on the evidence. *See United States v. Drum*, 733 F.2d 1503, 1509 (11th Cir. 1984) (stating that a defendant's conviction on one of two counts charged was "telling proof that he was not prejudiced by the prosecutor's remark"), *abrogated on other grounds by Dowling v. United States*, 473 U.S. 207 (1985).

## IV.

For these reasons, we cannot say that the prosecutor's single improper remark, in the context of the entire trial, had a prejudicial effect on Moise's substantial rights. We affirm Moise's convictions.

8                    Opinion of the Court                    21-13424

AFFIRMED.