[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11776

_____

DONTE J. SMITH,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket Nos. 4:20-cv-00328-RH,
4:99-cr-00066-RH-CAS-6

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Following a trial, a jury convicted Donte J. Smith of one count of conspiracy to commit Hobbs Act robbery, four counts of substantive Hobbs Act robbery, and four counts of using a firearm in furtherance of a "crime of violence" under 18 U.S.C. § 924(c).

Smith now collaterally attacks his § 924(c) convictions because, in his view, the jury instructions in this case allowed the jury to convict him on the § 924(c) charges based solely on his conspiracy offense. And if the jury in fact did that, those convictions could not stand under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and our later decision holding that Hobbs Act conspiracy is not a "crime of violence." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).

But our review of the record reveals that the information provided to the jury—including the amended indictment and full jury instructions—made clear that Smith could be convicted under § 924(c) only if the jury found him guilty of substantive Hobbs Act robbery. And as Smith acknowledges, substantive Hobbs Act robbery is a "crime of violence" that can support his § 924(c) convictions. So after careful review of the record, and with the benefit of oral argument, we affirm the denial of Smith's motion to vacate his § 924(c) convictions.

# I.    BACKGROUND

## A.    *Factual Background and Smith's Trial*

In connection with four robberies of small businesses that occurred in Tallahassee, Florida, in 1998 and 1999, a grand jury charged Smith with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts Two, Four, Six, and Eight); and four counts of knowingly using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three, Five, Seven, and Nine).  The initial indictment provided that each charge under § 924(c) could be supported by either the initial Hobbs Act conspiracy charge or one of the substantive Hobbs Act robbery charges.

Smith's trial began in December 1999.[1]  During the trial, the government abandoned its reliance on the theory that the conspiracy charge could support the § 924(c) charges.  Instead, the government clarified that it would pursue the § 924(c) charges on the basis of only the alleged substantive Hobbs Act robbery offenses.  So the government prepared and submitted an amended indictment, which removed all references to the conspiracy charge as a potential basis to support any of the § 924(c) charges.  Doc. No. 101.

---

[1] Smith was tried alongside one of his codefendants, Mitchell McIntosh.

The district court instructed the jury on each of the charges in the amended indictment, beginning with the substantive robbery charges, followed by the conspiracy charge, and finally the § 924(c) firearms charges.  When discussing the firearms charges, the district court explained to the jury that each charge corresponds with one of the substantive Hobbs Act robbery charges.  After describing the charges, the court instructed the jury on two general principles of criminal law:  aiding-and-abetting liability and coconspirator liability.  As to coconspirator liability, the district court instructed,

> So, in this case, with regard to Counts Two through Nine, if you have first found a Defendant guilty of the conspiracy offense as charged in Count One of the indictment, you may also find that Defendant guilty of any offense charged against him in a later count, even though that Defendant did not personally participate in such offense, if you find beyond a reasonable doubt each of the following:
>
> > First:  That the offense charged against him was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;
> >
> > Second:  That the Defendant was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

> <u>Third</u>:  That the commission of such offense by a
> co-conspirator was a reasonably foreseeable con-
> sequence of the conspiracy.

Doc. No. 100 at 22–23.

Before completing its instructions, the district court again emphasized for the jury that if it "f[oun]d a Defendant not guilty on any given robbery count (that is, Count Two, Four, Six or Eight), [it] must also find that same Defendant not guilty on the corresponding firearm counts (that is, Count Three, Five, Seven or Nine)." *Id*. at 25–26.

The verdict form provided to the jury specified that each of the firearms charges must correspond to a substantive robbery charge.  For example, the verdict form for Count Three stated, "As to the offense charged in Count Three of the indictment, using or carrying a firearm during and in relation to the robbery at Pentaltha Jewelry charged in Count Two, we find the Defendant Donte J. Smith" guilty or not guilty.  Doc. No. 102 at 2.  And the verdict form directed the jury to skip Count Three if it found Smith not guilty of Count Two.  *Id*.  The jury ultimately convicted Smith on all counts.

Smith was initially sentenced to 1,172 months' imprisonment.  His sentence was later reduced to 1,105 months.

### B.    Instant Proceedings

Twenty years after his conviction, Smith moved to vacate his § 924(c) convictions, alleging that they are invalid after the Supreme Court's decision in *Davis*.[2]  He argued that the court could not determine with certainty whether his § 924(c) convictions were based on the substantive Hobbs Act robbery charges (which would be proper) or his Hobbs Act conspiracy charge (which would not).

The government responded that Smith's *Davis* claim failed because the record conclusively established that his substantive Hobbs Act robberies were the predicates for his § 924(c) convictions.  It also asserted that, even if the jury were confused by the court's instructions, the jury likely would not convict Smith on the § 924(c) charges based solely on the Hobbs Act conspiracy rather than the substantive Hobbs Act robberies since those crimes were inextricably intertwined.  Finally, the government argued that Smith's claim was procedurally barred because he did not raise it on direct appeal.

The district court denied Smith's motion. It concluded that Smith's § 924(c) convictions were properly supported by the substantive Hobbs Act robbery charges.  In so doing, the district court observed that the jury convicted Smith of substantive Hobbs Act robbery.  So the court reasoned, it did not matter, for purposes of

---

[2] We granted Smith's application to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(h).  *In re Smith*, No. 19-12719 (11th Cir. Aug. 8, 2019).

§ 924(c), whether the substantive convictions were based on the theory that Smith himself committed Hobbs Act robbery or on the theory of coconspirator liability under which Smith is vicariously liable for the substantive crimes. What mattered, in the district court's view, was simply that Smith was convicted of substantive Hobbs Act robbery. Therefore, the court concluded, the § 924(c) convictions were proper.

While the district court denied Smith's motion, it granted a certificate of appealability because it found that jurists of reason could debate whether Smith is entitled to relief.

## II.    STANDARD OF REVIEW

On a district court's order denying relief on a motion to vacate under 28 U.S.C. § 2255, we review the court's legal determinations de novo and its factual determinations for clear error. *Riolo v. United States*, 38 F.4th 956, 967 (11th Cir. 2022).

## III.    DISCUSSION

A conviction under § 924(c) can be supported only when a defendant "uses or carries a firearm" "during and in relation to any crime of violence or drug trafficking crime" or if the defendant "possesses a firearm" "in furtherance of any such crime." 18 U.S.C. § 924(c). Also in § 924(c), Congress defined a "crime of violence" in two alternative ways. These have come to be known as the "elements clause" and the "residual clause." *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(3)).

In *Davis*, the Supreme Court held that one of these paths—the residual clause—is unconstitutionally vague. *Id.* at 2336. So after *Davis*, only one path remains. For an offense to be a "crime of violence" that can serve as a predicate offense to support a § 924(c) conviction, the offense must satisfy the elements clause. That means it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Our cases both before and after *Davis* have sought to determine whether given offenses meet this definition. As relevant here, in *In re Saint Fleur*, we held that substantive Hobbs Act robbery "clearly qualifies as a 'crime of violence'" under the elements clause in § 924(c)(3)(A) because the elements of that offense "require the use, attempted use, or threatened use of physical force 'against the person or property of another.'" 824 F.3d 1337, 1340–41 (11th Cir. 2016) (quoting 18 U.S.C. § 924(c)). By contrast, in *Brown*, we held that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause and therefore cannot support a § 924(c) conviction. 942 F.3d at 1075. Unlike Hobbs Act robbery, Hobbs Act conspiracy does not "necessitate[] the existence of a threat or attempt to use force." *Id.* Rather, we explained, a conspiracy defendant's "voluntary participation may manifest itself in any one of countless non-violent ways." *Id.*

Smith does not challenge any of those decisions here nor does he seek to otherwise relitigate our precedent. Instead, Smith argues that because of the allegedly confusing jury instructions

delivered in his case, we cannot be sure whether the jury determined that the underlying "crime[s] of violence" that supported his § 924 convictions were his substantive Hobbs Act robbery convictions or his Hobbs Act conspiracy conviction. And if uncertainty exists about whether his § 924(c) convictions were based on Hobbs Act conspiracy, the argument goes, then those convictions must be set aside because Hobbs Act conspiracy can no longer be considered a "crime of violence" after *Davis* and *Brown*.

We are not convinced. In particular, we disagree that any ambiguity exists about the bases for Smith's § 924(c) convictions. Rather, the record makes clear that his § 924(c) convictions were based on his substantive Hobbs Act robbery convictions, and as we've noted, Hobbs Act robbery remains a "crime of violence" even after *Davis*. Three distinct documents in the record lead us to that conclusion: the amended indictment, the full jury instructions, and the verdict form.

We start with the amended indictment. It expressly states that the alleged "crime of violence" supporting each § 924(c) charge is a substantive Hobbs Act robbery charge. The amended indictment includes no suggestion that the Hobbs Act conspiracy charge in Count One can serve as the basis for the § 924(c) convictions. Indeed, the government abandoned that precise theory of liability at trial and prepared the amended indictment to clarify that the § 924(c) charges could be sustained based on only a substantive Hobbs Act robbery charge. So while the original indictment would have introduced the ambiguity that Smith suggests, the amended

indictment removed any such ambiguity. And Smith does not contend that the original indictment was presented to the jury or otherwise affected the verdict.

Next, we move to the full jury instructions. When the court first instructed the jury about the § 924(c) charges, the court said that each of Counts Three, Five, Seven, and Nine is based on "using or carrying a firearm during and in relation to the crime of violence" alleged in the substantive Hobbs Act robbery charges—Counts Two, Four, Six, and Eight. So from the beginning, the court instructed the jury about the necessary connection between these charges.

The district court then explained two general principles of criminal law: aiding-and-abetting liability and coconspirator liability. In its discussion of aiding-and-abetting liability, the court instructed the jury that the defendant's guilt "may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged" and that, in some cases, "the law holds the Defendant responsible for the conduct of [another] person just as though the Defendant has personally engaged in such conduct." In other words, the court advised the jury that it could find Smith guilty of substantive Hobbs Act robbery based on the conduct of one of his codefendants if they were working together to commit the substantive crime.

The court also explained coconspirator liability and told the jury that "[i]n some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no

direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects."

The court then instructed the jury based on the Supreme Court's decision in *Pinkerton v. United States*, 328 U.S. 640 (1946). In *Pinkerton*, the Court held that each party to a continuing conspiracy may be held vicariously liable for a coconspirator's substantive offenses that occur during the course of and in furtherance of the conspiracy. *Id.* at 646–47. Coconspirator liability, the Supreme Court explained, is proper for only those offenses that "fall within the scope" of the conspiracy and that are "reasonably foresee[able] as a necessary or natural consequence of the unlawful agreement." *Id.* at 647–48.

The district court's instructions in this case tracked the Supreme Court's discussion in *Pinkerton*. The court told the jury that if it found Smith guilty of Hobbs Act conspiracy and if three other conditions were met—(1) one of Smith's coconspirators committed a substantive offense during the existence of and in furtherance of the conspiracy; (2) at the time of the substantive offense, Smith was a knowing and willful member of the conspiracy; and (3) the substantive offense was a reasonably foreseeable consequence of the conspiracy—then Smith could be found guilty of the substantive offenses as well.

Smith contends that these instructions were confusing because the district court also said that, "with regard to Counts Two through Nine, if [the jury] ha[s] first found [Smith] guilty of the

conspiracy offense as charged in Count One of the indictment, [the jury] may also find [Smith] guilty of any offense charged against him in a later count . . . ." On Smith's reading, this instruction gave the jury license to stop deliberating after it reached a decision on Count One and then convict Smith of all charges based solely on his participation in the conspiracy.

But we cannot ignore the rest of the court's instructions, which make clear to the jury that it could use Count One as a basis for the remaining charges only if the jury "f[ou]nd beyond a reasonable doubt each of the" three criteria for coconspirator liability that the court provided—the three criteria that derive from *Pinkerton*. Put differently, under the court's instructions—which we presume the jury followed, *In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020)—the jury could not have stopped its deliberations after finding Smith guilty of Hobbs Act conspiracy and then just convicted him of the eight other substantive charges. The jury also had to analyze the elements of coconspirator liability and determine whether they provided a basis to convict Smith. Only then could the jury conclude that Smith was guilty of substantive Hobbs Act robbery. And only after that could the jury find him guilty of the corresponding § 924(c) offenses.

Finally, we consider the verdict form. That form provided the jury with a roadmap of how all the charges against Smith fit together. As the jury reached conclusions about particular charges, the verdict form highlighted the consequences those conclusions had on the remaining charges. For example, and as we've noted,

the verdict form for Count Two asked the jury whether it found Smith guilty or not guilty of substantive Hobbs Act robbery. It then instructed that if the jury found him not guilty on that count, the jury should skip Count Three (the § 924(c) charge corresponding with Count Two) and proceed directly to Count Four (the next substantive Hobbs Act robbery charge). Because of this sequencing, the jury could not have convicted Smith on any § 924(c) charge without also convicting him on the required predicate offense— substantive Hobbs Act robbery.

All told, when read collectively, the record does not support Smith's contention that the jury could have used his Hobbs Act conspiracy conviction to support his § 924(c) convictions. Instead, the amended indictment, full jury instructions, and verdict form show that each of Smith's § 924(c) convictions is supported by a corresponding substantive Hobbs Act robbery conviction. And even after *Davis*, substantive Hobbs Act robbery remains a "crime of violence" for purposes of Smith's § 924(c) convictions. So we have "no uncertainty" about whether the jury "relied on a predicate offense that is a violent crime" to support Smith's § 924(c) convictions. *Price*, 964 F.3d at 1048. It did.[3]

---

[3] We need not and do not address whether a substantive conviction based on *Pinkerton* liability can always support a § 924(c) conviction. At oral argument, Smith's counsel said that Smith's argument did not depend on that legal question and that Smith's challenge was based on the allegedly confusing nature of the jury instructions delivered here. Oral Arg. at 13:18–13:44.

### IV.    CONCLUSION

The record demonstrates that each of Smith's convictions under § 924(c) is properly supported by a corresponding substantive Hobbs Act robbery conviction.  We therefore affirm the district court's order denying Smith's motion to vacate.[4]

**AFFIRMED**

---

[4] As with the district court's order, nothing in this opinion is intended to opine on Smith's eligibility for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A).